EDWARD VARRICHIO, Plaintiff, *v.* ANNA VARRICHIO, Defendant.

Supreme Court, Special Term, Queens County, October 17, 1944.

*David Marshall Holtzmann* for defendant.

*Harry Kupansky* for plaintiff.

HOOLEY, J. Motion for an order requiring the plaintiff to serve an amended complaint herein, in which Charles Fitzpatrick shall be added as a party defendant, upon the ground that the said Charles Fitzpatrick is a necessary party defendant herein, and that his joinder as a party defendant is required by the ends of justice.

The action is brought by plaintiff husband against the wife for a declaratory judgment. The defendant wife married Fitzpatrick after she obtained a decree of divorce in the State of Nevada. The plaintiff husband claims that the Nevada courts never acquired any jurisdiction of him in the divorce action. Fitzpatrick is a member of the armed forces of the United States and is now somewhere in France or Germany. He has turned to the Personal Affairs Branch of the Army for assistance, according to counsel for the defendant, and the Personal Affairs Branch has requested the present counsel to assist defendant and Fitzpatrick. Such counsel has procured his substitution as attorney for the defendant.

An examination of the complaint shows that the plaintiff herein seeks a declaratory judgment, adjudging as follows:

" 1. That defendant is the wife of plaintiff.

" 2. That plaintiff is the husband of defendant.

" 3. That defendant and Charles Fitzpatrick are not husband and wife.

" 4. That the divorce procured by defendant in Nevada is invalid and of no force or effect in law.

" 5. That defendant be enjoined from holding herself out as divorced from plaintiff.

" 6. That defendant be enjoined from holding herself out as Mrs. Charles Fitzpatrick.

" 7. That defendant be enjoined from living with Charles Fitzpatrick as his lawful wife.

" 8. That the plaintiff have such other, further and different relief and declaration of the rights, status and legal relations of the parties herein as may be necessary and proper in the, premises."

While clearly some of this relief will not be granted to the plaintiff even if he is successful on the main issue, namely, the validity of the Nevada divorce (*Baumann* v. *Baumann*, 250 N. Y. 382), nevertheless it will be seen that this plaintiff is not merely asking for a declaratory judgment affecting his own marital status. He is asking, among other things, for a judgment that defendant and Charles Fitzpatrick are not husband and wife. Certainly such relief should not be afforded without the presence of Fitzpatrick as a party defendant. Fitzpatrick is vitally interested in this litigation. During his absence in foreign fields, this plaintiff seeks to procure a judgment as to Fitzpatrick's marital status in a direct attack upon it. In the situation presented Fitzpatrick is a necessary party defendant.

In *Baumann* v. *Baumann* (*supra*), one of the leading cases on declaratory judgments in matrimonial actions wherein similar relief was asked, it will be noted that plaintiff wife joined as defendants her husband and the woman he subsequently married. This would seem to be the proper practice in an action of this character.

Motion granted.